Filed 6/23/14  P. v. Summers CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Yuba)

----

|  |  |
|---|---|
| THE PEOPLE, | C073289 |
| Plaintiff and Respondent, | (Super. Ct. No. CRF12-548) |
| v. | |
| DWIGHT ANTHONY SUMMERS, | |
| Defendant and Appellant. | |

A jury convicted defendant Dwight Anthony Summers of forcible sodomy of a minor 14 years of age or older (Pen. Code, § 286, subd. (c)(2)(C))[1] and furnishing a controlled substance to a minor who is at least four years younger than defendant (Health & Saf. Code, §§ 11353, 11353.1, subd. (a)(3)), with two prior prison terms (§ 667.5, subd. (b)).  The trial court sentenced defendant to 25 years in state prison.

---

[1] Undesignated statutory references are to the Penal Code.

1

On appeal, defendant contends there is insufficient evidence to support a finding that the sodomy was forcible, the matter must be remanded to the trial court to list the statutory source of fines and fees, and an error in the abstract. We affirm the judgment, remand for the trial court to state the statutory source of certain assessments, and order a correction to the abstract of judgment.

BACKGROUND

*The Prosecution Case*

D.S. was 17 years old in April 2011. He is one of seven brothers. He lived with his mother, R.S. (hereafter mother), who was in a relationship with defendant for 10 years, and engaged to him for eight of those years. Defendant was a father figure to D.S. and his brothers, all of whom called him "Dad."

At the age of 13, D.S. was molested by defendant's brother, Daylon Summers. As a result, Daylon was sent to prison. When D.S. was 16, defendant took him to a Knights Inn, a motel in Yuba City, showed him how to smoke crack cocaine, and sodomized him after D.S. smoked crack. D.S. did not report the sexual assault because he did not want to be teased about it.

When D.S. was 15 or 16, mother noticed that her son began spending more time with defendant. D.S. would go away with defendant for two or three days and return home "high." Mother confronted defendant about drug use after D.S. twice tested positive for methamphetamine. Defendant said D.S. "had started on his own and they were smoking together because he didn't want him to smoke with somebody else because if something went wrong, there'd be no safeguard." Drug use was a source of tension between mother and defendant, being one of the problems which led her to order him out of the house in April 2011. Defendant moved out, but returned to visit the family a couple of times.

2

On April 9, 2011, defendant came to the house and asked D.S. about going out to eat. Mother told D.S. he could not go. D.S. and defendant left, telling mother they were going to walk to the corner to talk.

D.S. and defendant went to a Budget Inn, a motel in Marysville, where defendant said he would get a change of clothes. D.S. entered the room but did not see a change of clothes. Defendant offered him some crack, which they both smoked. Defendant then put his hand on D.S.'s back, pushed him onto the bed, and pulled down D.S.'s pants and underwear. D.S. tried to turn back but he could turn his head only so far. D.S. weighed about 150 pounds and defendant weighed about 270 pounds,[2] D.S. tried to push defendant off with his left arm but defendant pushed his arm away. He heard a zipper; defendant then penetrated D.S.'s anus with his penis and had anal intercourse with the boy for 10 to 15 minutes. D.S. knew what was going to happen, as defendant did it to him once before. He did not try to fight off defendant because "[h]e's like three or four times my size."

As defendant raped him, D.S. "[j]ust laid there lifeless." He did not attempt further resistance because there was "[n]othing I could do. I already tried to push him back." D.S. was embarrassed and did not scream or shout at defendant to stop. Towards the end of the assault, defendant took a hit from a crack pipe. After defendant finished, he told D.S., "You're not going to do me like my brother [Daylon]."

Defendant gave D.S. some more crack to smoke after the attack. Later, a man came to the door; defendant gave the man some methamphetamine, which he injected. D.S. left the motel and walked home. He did not tell his mother about the attack because he did not think she would believe him. He did not report the matter to the authorities

---

[2] D.S. testified that defendant had the same build at the time of the incident as he did at trial. The probation report, which was prepared one month after the trial, listed defendant's weight at 272 pounds.

3

because he did not want to go through what happened when he reported that defendant's brother molested him.

D.S. felt angry, sad, confused, and upset. The attack was painful and D.S.'s anus bled for three days.

D.S. told a family friend, Patricia Acevedo, about the incident approximately two days after it happened.[3] Acevedo told mother, who expressed anger at defendant and D.S. Mother did not call the police.

D.S. also called his girlfriend between 2:00 and 4:00 a.m. and insisted on talking to her in person. A family friend picked her up and drove her to the house. D.S., who was under the influence of alcohol, told his girlfriend that he had been raped by defendant.

On April 18, 2011, D.S. told his high school counselor that he had been raped by his mother's boyfriend. The counselor immediately reported the matter to law enforcement.

*The Defense*

Hasu Patel, the owner of the Budget Inn in Marysville, testified that a person must have identification to rent a room. Defendant's name was not on any of the identification cards for the time in question, and Patel did not recognize him. Patel testified that there were times that rooms had been rented without identification.

Testifying on his own behalf, defendant denied sexually assaulting D.S. or giving him crack cocaine. He never rented a room at the Budget Inn at the time of the alleged incident and had never been there. He was living in Sacramento at the time, and neither called D.S. nor asked him to dinner. The last time he came over to the house was April 4, 2011, when he went over to get some of his belongings. He got blamed for money

---

**3**     D.S. and Acevedo, an adult, were drinking at the time D.S. told her.

4

missing from D.S.'s older brother Earl; D.S. told defendant, "You fuck with my family, we're going to get you."

DISCUSSION

I

Defendant contends there is insufficient evidence of force to support his conviction for forcible sodomy of a minor who is 14 years of age or older.

In determining the sufficiency of the evidence, our role is limited. Under the state and federal constitutional due process clauses, "the test of whether evidence is sufficient to support a conviction is 'whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.' [Citations.]" (*People v. Holt* (1997) 15 Cal.4th 619, 667, original italics.)

Section 286, subdivision (c)(2)(C) states: "Any person who commits an act of sodomy with another person who is a minor 14 years of age or older when the act is accomplished against the victim's will by means of force, violence, duress, menace, or fear of immediate and unlawful bodily injury on the victim or another person shall be punished by imprisonment in the state prison for 7, 9, or 11 years."

Because the terms "force" and "duress" are in the disjunctive, the prosecution need only show that force or duress was used to accomplish the sexual act. (See *People v. Hale* (2012) 204 Cal.App.4th 961, 976.) The force employed must be sufficient to overcome a victim's will; it need not "be greater than or different from the force used to engage in the act of sodomy."[4] (*Id.* at p. 979.)

---

[4] We agree with the parties that the specialized definition of force applied to section 288, subdivision (b), by our decisions in *People v. Cicero* (1984) 157 Cal.App.3d 465 and *People v. Pitmon* (1985) 170 Cal.App.3d 38, does not apply to the definition of force in section 286, subdivision (c)(2)(C).

Here, defendant was 25 years older and weighed 270 pounds or more, far larger than the victim, who weighed roughly 150 pounds. He occupied a position of trust and authority, having been the boy's surrogate father for much of his young life. He directly assaulted D.S., pulling down the boy's pants and underwear before pushing him to the bed and sodomizing him. D.S. tried to stop the sexual assault by trying to push defendant off with his left arm, but defendant pushed D.S.'s arm away and continued the assault. D.S. reasonably concluded that further resistance was futile given defendant's manifest intent to sodomize him and defendant was much larger than him, so the boy lay there, lifeless. Defendant also provided the boy with crack cocaine before and after the attack. Considering it all, defendant accomplished the sodomy by direct force. The boy submitted in reasonable fear defendant would use his greater size to overcome any resistance, and his position of authority. That is a forcible sodomy as defined in section 286, subdivision (c)(2)(C).

## II

The trial court sentenced defendant to prison and, as relevant to this appeal, ordered him to pay a fine of $1,140 pursuant to section 290.3. Defense counsel agreed that the court need not "itemize" the fine's component fees and assessments. Neither the minute order of sentencing nor the abstract of judgment gives any indication of the amounts or statutory bases of that fine's components.

Defendant contends, and the People properly concede, the trial court erred in imposing a $1,140 fine pursuant to section 290.3 without articulating the amount of the fine actually imposed under that section, or the statutory bases and amounts of applicable fees and penalty assessments, as required by *People v. High* (2004) 119 Cal.App.4th 1192 (*High*). He urges us to remand the matter for a proper articulation of the amount of the fine imposed under section 290.3 and the statutory bases and amounts of applicable fees and penalty assessments. We agree.

6

As we explained in *High*, the trial court must provide at sentencing a "detailed recitation of all the fees, fines and penalties on the record," including their amounts and statutory bases. (*High, supra*, 119 Cal.App.4th at p. 1200.) All of these fines and fees must be set forth in the abstract of judgment, as "[t]he inclusion of all fines and fees in the abstract may assist state and local agencies in their collection efforts. [Citation.]" (*Ibid.*) Since a defendant cannot waive a requirement that benefits another party, his waiver here does not satisfy the trial court's obligation to identify each fine and fee at sentencing and specify the statutory bases and amounts for all fines, fees, and assessments imposed upon him.

Here, section 290.3, subdivision (a) required the court to impose a fine of $300. (§§ 290.3, 290, subd. (c).) The trial court did not specify the amount of the fine imposed pursuant to section 290.3, nor the amount and statutory bases of the accompanying fees and penalty assessments. Nor did the minute order provide this information. Accordingly, we must remand the case to the trial court for it to delineate the amount of the fine imposed pursuant to section 290.3, and the amount and statutory bases of the accompanying fees and penalty assessments.

## III

Defendant and the Attorney General identify an error in the abstract, which mistakenly lists defendant as being sentenced as if he had a prior strike under the "Three Strikes" law. On remand, the trial court shall prepare an amended abstract omitting the reference to a prior strike.

## DISPOSITION

The judgment is affirmed. The case is remanded for the trial court to articulate the amount of the fine imposed at sentencing pursuant to section 290.3, and the amount and statutory bases of the accompanying fees and penalty assessments. The court shall prepare an amended abstract of judgment articulating the amount and basis of the fine and relevant assessments as well as omitting any reference to defendant being sentenced

under the Three Strikes law.  Thereafter the court shall forward a certified copy of the amended abstract of judgment to the Department of Corrections and Rehabilitation.


                                        NICHOLSON      , J.



We concur:



      RAYE          , P. J.



      HOCH          , J.